UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREG SIFFERMAN, | CASE NO. C13-183 MJP |
| Plaintiff, | ORDER ON MOTION TO STRIKE |
| v. | |
| STERLING FINANCIAL CORPORATION, STERLING SAVINGS BANK, and GOLF SAVINGS BANK, | |
| Defendants. | |

THIS MATTER comes before the Court on Plaintiff's Motion to Strike Defendants' Insufficient Eighth Affirmative Defense. (Dkt. No. 68-1.) Having reviewed the motion, Defendants' Response (Dkt. No. 69), Plaintiff's Reply (Dkt. No. 70), and all related papers, the Court hereby GRANTS in part and DENIES in part the motion to strike.

**Background**

Plaintiff Greg Sifferman worked as a mortgage loan officer for Defendant Sterling Financial (previously Golf Savings Bank) and in this action he alleges that Defendant(s)

misclassified him as exempt from the overtime requirements of the Fair Labor Standards Act. See 29 U.S.C. §§ 201, et seq. (Dkt. No. 1 at 3.) Plaintiff moved to have the case certified as a collective action under the FLSA. (Dkt. No. 5.) On December 3, 2013, following a stay during the pendency of a related case in the District of Oregon, this Court denied the motion. (Dkt. No. 71.) In the meantime, Defendants submitted an Answer to the Complaint, including the following Eighth Affirmative Defense: "Plaintiff's claims are barred, in whole or in part, under the doctrines of waiver and estoppel." (Dkt. No. 53 at 14..)

Pursuant to the collective action motion, the parties have disputed whether Defendant told Plaintiff not to report overtime or that any overtime requested would be deducted from commission payments owed to Plaintiff—facts that go toward Defendants' knowledge of or consent to Plaintiff's overtime work. (See, e.g., Sifferman Decl., Dkt. No. 63-1 at 4; Kybach Decl., Dkt. No. 58 at 2.) The parties continue to offer factual assertions on this topic. (Dkt. No. 66-3 at 2; Dkt. No. 68-1 at 3.)

Plaintiff now asks the Court to strike Defendants' Eighth Affirmative Defense on the basis that it is legally insufficient. (Dkt. No. 68-1 at 6.)

**Discussion**

I. Rule 12(f) Standard

Rule 12(f) grants the Court discretion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984

F.2d 1524, 1527 (9th Cir. 1993)). The moving party bears the burden of showing that a challenged defense is insufficient. See LaFleur v. Sunbeam Prods., Inc., Case No. C09-425 MJP, Dkt. No. 36 at 4 (W.D. Wash. 2010). Motions to strike are disfavored and should not be granted unless "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." In re New Century, 588 F. Supp. 2d 1206, 1220 (C.D. Cal. 2008). Courts will not grant motions to strike unless "there are no questions of fact, . . . any questions of law are clear and not in dispute, and . . . under no set of circumstances could the claim or defense succeed." RDF Media Ltd. v. Fox Broad. Co., 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005).

II. Legal Sufficiency of the Waiver Doctrine in FLSA Cases

Plaintiff claims the affirmative defense of waiver is legally insufficient because an employee cannot waive the right to overtime under the FLSA. (Dkt. No. 68-1 at 6–7.) Supreme Court decisions "have frequently emphasized the nonwaivable nature of an individual employee's right to a minimum wage and to overtime pay under the [FLSA]." Barrentine v. Arkansas-Best Freight System, Inc., 450 U.S. 728, 740 (1981). It is clear that "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." Id. (citations omitted).

Defendants characterize their defense as the same as the "Avoidable Consequences Defense" allowed in Khadera v. ABM Indus. Inc., C08-417 RSM, 2012 WL 581401, *3 (W.D. Wash. Feb. 21, 2012). But Khadera also noted that a defense of waiver is unavailable under the FLSA. Id.

Plaintiff is correct that waiver is not a defense to overtime claims under the FLSA. The waiver defense is therefore STRICKEN from Defendants' Eighth Affirmative Defense.

III.     Legal Sufficiency of the Estoppel Doctrine in FLSA Cases

Plaintiff claims Defendants' estoppel defense is also legally insufficient. (Dkt. No. 68-1 at 7–10.) However, some of the cases cited by Defendants are summary judgment opinions applying the law to the specific facts of the case—with particular attention paid to employer knowledge or consent. See, e.g., Dixon v. City of Forks, No C08-5189 FDB, 2009 WL 1459447, *5 (May 26, 2009). According to Defendants, the lack of employer knowledge or consent and Plaintiff's alleged responsibility for that deficit was the gist of the Eight Affirmative Defense they were attempting to raise (see Dkt. No. 69 at 4–5), and indeed, Plaintiff has been vigorously combating this line of argument even prior to the filing of Defendants' Answer. (See, e.g., Sifferman Decl., Dkt. No. 63-1 at 4; Kybach Decl., Dkt. No. 58 at 2.)

The Ninth Circuit has declined to decide whether estoppel can state an affirmative defense under the FLSA. See Forrester v. Roth's I. G. A. Foodliner, Inc., 646 F.2d 413, 414 (9th Cir. 1981). It has also made clear that employer knowledge or consent is relevant to an FLSA claim. Id. at 414–15.

Because Plaintiff has failed to demonstrate that the matter to be stricken could have no possible bearing on the subject matter of the litigation, the Court DECLINES to strike the estoppel defense.

## Conclusion

Because Plaintiff has clearly demonstrated that waiver is not a viable defense under the FLSA, but has failed to demonstrate that estoppel has no possible bearing on his FLSA claims, the Court GRANTS the motion to strike with respect to waiver and DENIES it with respect to estoppel.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 2nd day of January, 2014.

*Marsha J. Pechman*
Marsha J. Pechman
Chief United States District Judge